[Civ. No. 2313.   First Appellate District.—February 28, 1918.]

W. B. MORRIS, Appellant, v. T. C. JUDKINS et al.,
Respondents.

PLEADING—QUIETING TITLE—MANDAMUS—JOINDER OF CAUSES OF ACTION.
Under section 427, subdivision 8, of the Code of Civil Procedure,
providing for the joinder of causes of action arising out of the
same transaction, the purchaser at a commissioner's sale under a
judgment foreclosing mechanics' liens may unite a proceeding in
*mandamus* to compel the commissioner to execute a deed to a part
of the sold property which was not included in the original deed,
with an action to quiet title to all the property.

ID.—PARTIES—COMMISSIONER NOT A NECESSARY PARTY.—In an action
and proceeding thus joined, the commissioner is not a necessary
party defendant to the action quieting title, and the naming of him
in his individual capacity instead of his official party does not make
the complaint demurrable for misjoinder of parties.

ID.—RIGHT TO MAINTAIN ACTION.—The purchaser at a commissioner's
sale has the right to maintain a proceeding in *mandamus* to compel
the commissioner to execute a deed conveying all the property pur-
chased and an action quieting title thereto, and objections to the
sufficiency of the complaint as against the commissioner cannot be
raised by the former owners.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Ernest K. Little, for Appellant.

S. W. Molkenbuhr, and Thos. W. Firby, for Respondents.

BEASLY, J., *pro tem.*—The plaintiff purchased the prop-
erty involved herein at a commissioner's sale under a judg-
ment foreclosing certain mechanics' liens thereon.   The de-
fendant Lanktree, being the commissioner appointed by the
court to convey the property to the plaintiff as purchaser at
the sale, delivered a certificate of sale to him describing the
whole property, and no redemption having been effected,
Lanktree subsequently executed a commissioner's deed to
Morris, in which, however, only a part of the land sold to
him was described or conveyed, and Lanktree has refused and

neglected to include the remainder of the property in his deed. Judkins and Saxton, the other defendants here, were the defendants in the foreclosure suit and the former owners of the property. In this action Lanktree is not named in the title as commissioner, but individually, that is to say, he is denominated simply "J. B. Lanktree." In the body of the complaint, however, it is alleged that Lanktree "as commissioner" sold the property and executed the certificate of sale and the deed to the part of the property hereinbefore mentioned. The complaint also alleges "that the defendants Judkins and Saxton claim to be the owners of said premises and are in possession thereof, and have heretofore refused and still refuse to deliver the possession thereof to the plaintiff." The relief asked against Judkins and Saxton is the usual relief demanded in an action to quiet title, including an injunction forbidding them to assert any claim to the property adverse to plaintiff, and that the plaintiff recover possession of the property and the amount of certain rents; and as against Lanktree, that he be compelled "as commissioner as aforesaid" to execute a deed conveying the entire property to plaintiff.

These are in condensed form all the allegations of the complaint in this action.

Elaborate separate demurrers, identical, however, in form and substance, were filed to this complaint by Judkins and Saxton raising many questions. These demurrers were sustained without the ground on which they were sustained being stated, and plaintiff failing to amend, judgment was entered against him in favor of Judkins and Saxton. Lanktree did not appear, and the judgment does not mention him. Three only of the numerous grounds of demurrer relied upon in the lower court are insisted upon in the respondents' brief. The first of these is that several causes of action were improperly united in the complaint, namely, a proceeding in *mandamus* against an officer of the court with an alleged cause of action to quiet title. Conceding, as counsel for the respondents contend, that the cause of action attempted to be stated against Lanktree is *mandamus,* it is not improperly united in this case with the action to quiet title against Judkins and Saxton. The plaintiff may unite several causes of action in the same complaint where they are all predicated upon claims arising out of the same transaction, or

transactions connected with the same subject of action. ·(Code Civ. Proc., sec. 427, subd. 8.) The claim of plaintiff to have his title quieted against Judkins and Saxton, and to have a writ of mandate against Lanktree to compel the execution of a deed to the entire property, however lamely alleged in the complaint, arises out of transactions connected with the same subject of action, namely, the same real estate. The real estate is the subject matter concerning which both claims are asserted. As illustrating this proposition, see *McArthur* v. *Moffett*, 143 Wis. 564, [33 L. R. A. (N. S.) 264, 128 N. W. 445]. The connection between Lanktree on the one hand and Judkins and Saxton on the other is very close. Lanktree was the commissioner appointed by the court to convey the title of Judkins and Saxton to the plaintiff. The policy of courts of equity to adjudicate in one action, so far as possible, all claims between the same parties concerning one subject matter authorized this joinder, and this is one feature of equity jurisprudence that is embodied in the section of the Code of Civil Procedure above cited.

The second ground of demurrer insisted upon is that there is a defect of parties defendant in that Lanktree as commissioner has not been joined as defendant. Conceding that Lanktree is not sufficiently charged as commissioner, and that he was not, therefore, strictly speaking, joined as commissioner in this action, and that he was a proper party defendant as such, still he was not a necessary party. Plaintiff might have proceeded without him to have his title quieted as to the part of the property to which he held title, namely, that portion described in the deed already made by Lanktree as commissioner. Indeed, it does not clearly appear why the relief sought against Lanktree might not have been obtained by a simple motion or citation in the original foreclosure case directed to having him ordered by the court to execute a proper deed if the one already executed by him is not in accordance with the judgment of the court in that case. Therefore, there is no defect of parties in this respect.

The third ground of demurrer urged by the respondents in support of the judgment is that the amended complaint fails to state a cause of action against any of the defendants, and especially against the respondents Judkins and Saxton, and in this behalf it is contended that the plaintiff cannot quiet title against the respondents until he has a deed to the

entire property; in other words, that he being an equitable owner only, cannot quiet his title against Judkins and Saxton, who, it is claimed, are still the legal owners. But conceding this proposition as a general statement of the law (but not so deciding), it does not apply here, because the plaintiff Morris is the legal owner of that portion of the property described in the deed executed by the commissioner, and so far as that portion of the property is concerned, at least a cause of action is stated in this complaint against the defendants Judkins and Saxton. And objections to the sufficiency of the complaint as against Lanktree cannot be raised by his codefendants; in this particular case at least those objections can only be taken advantage of by Lanktree himself.

These are the only essential points made by respondents in support of the action of the trial court in sustaining their demurrer, and our conclusion being adverse to their contentions, the judgment must be reversed. We are constrained to add that the trial court was probably misled in this matter by a failure of counsel for plaintiff to observe certain obvious conventions of pleading which, while not, as it happens, absolutely necessary in this case to the statement of his cause of action, have for so long been generally followed by pleaders that they might with advantage have been observed.

For the reasons above set forth the judgment is reversed.

Lennon, P. J., and Kerrigan, J., concurred.