[L. A. No. 4680.  Department Two.—April 4, 1919.]

## G. A. LATHROP et al., Respondents, v. MARY F. FRANCIS, Appellant.

[1] ATTACHMENT—REPUDIATION OF CONTRACT FOR SALE OF LAND—IMPLIED CONTRACT FOR REPAYMENT OF INSTALLMENTS.—An attachment will issue in an action by the vendee to recover the installments paid under a contract for the purchase of all the right, title, and interest of the vendor in certain oil lands, and for money expended in development work, where it is alleged in the complaint that the defendant had repudiated the contract, since thereupon there arose an implied contract for the repayment of the installments.

[2] ID.—MOTION TO DISCHARGE ATTACHMENT — SUFFICIENCY OF COM-
PLAINT.—A motion to discharge a writ of attachment cannot be
made to perform the office of a demurrer.

APPEAL from an order of the Superior Court of Kern
County refusing to dissolve an attachment. Milton T.
Farmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. E. Arnold and Matthew S. Platz for Appellant.

Geo. E. Whitaker for Respondents.

MELVIN, J.—Defendant appeals from an order refusing
to dissolve an attachment for fifteen thousand six hundred
dollars.

Plaintiffs are trustees in liquidation of the West Virginia
Oil Company. From the allegations of the complaint it ap-
pears that on June 10, 1911, defendant sold to one E. S.
Good an option to purchase certain described land in Kern
County; that in the following month said Good agreed to sell
said option to the West Virginia Oil Company; that on July
29, 1911, defendant and Good entered into a written contract
whereby she agreed to sell and he promised to buy all of
her right, title, and interest in and to said property for a
certain sum, a part of which, namely, ten thousand dollars,
was then and there paid; that on January 9, 1912, E. S. Good
executed and delivered to West Virginia Oil Company an
assignment of all his interest in the last-named contract; that
on January 29, 1912, a certain supplementary contract was
executed by Mary F. Francis and the West Virginia Oil
Company modifying the contract of July 29, 1911, by extend-
ing the time of payment of certain of the installments of the
purchase price; and that thereupon the corporation paid to
Mrs. Francis five thousand dollars principal and six hundred
dollars interest on the purchase price of seventy thousand
dollars. This sum, together with the ten thousand dollars
previously paid, nominally by Good but really by the corpo-
ration, his assignee, makes up the sum of fifteen thousand six
hundred dollars, for recovery of which the respondents insist
was stated a cause of action justifying the issuance of the
writ of attachment.

Under the contracts set forth in the complaint the Oil Company entered into possession of the property and expended seventy thousand dollars in an endeavor to develop oil. Both before and after the acquisition by the West Virginia Oil Company of Mr. Good's interest, Mrs. Francis had represented to that corporation that her right, title, and interest in said land was unincumbered by any claims or contracts, whereas there was at all said times an outstanding contract executed by defendant's predecessor in interest giving to one Fox a lease with an option to purchase, and the existence of said agreement was not known to the corporation before it had made the payments above described and had expended the seventy thousand dollars for development. Upon hearing of the defect of the title the officers of the corporation refused to make further payments and on October 1, 1912, Mrs. Francis notified the West Virginia Oil Company, in writing, that all of its right, title, and interest to the land had been forfeited. Thereafter she re-entered into possession of the property and held it at the time of the institution of the action.

There were allegations that the false representations regarding title were fraudulently made by Mrs. Francis.

The plaintiffs demanded and prayed judgment for the fifteen thousand six hundred dollars paid under the contracts and for the seventy thousand dollars expended in development work.

Respondents concede that the action for the seventy thousand dollars is not based upon a contract for the direct payment of money by the defendant. Their position is, that they have joined, as they have the right to do, an action sounding in tort with one based upon an implied contract (Code Civ. Proc., subd. 8, sec. 427; *Jones* v. *Steamship Cortes,* 17 Cal. 487, [79 Am. Dec. 142]); that when defendant chose to rescind, as they claim, the written agreement of sale there at once arose an implied contract to repay the installments of the purchase price and interest; and that such an agreement is one upon which suit may be brought and attachment may be levied for the amount involved.

Defendant's counsel insist that the complaint is fatally defective in that it does not state facts sufficient to show that defendant has made any breach of her contract, and in this behalf they assert that any allegations concerning her repre-

sentations of unencumbered title to the land are attempts to vary the terms of written contracts by averments of oral statements, because by her writings she promised not a full title but only such right, title, and interest as she possessed. **[1]** But this is not an action to rescind a contract. It is asserted that defendant has repudiated the contracts evidenced by the writings, and the part of the pleading with which we are here concerned has only to do with the alleged implied contract to repay the money received under the agreements now claimed to be canceled.

Large portions of the briefs of appellant's counsel are devoted to discussions of the alleged infirmity of plaintiffs' pleading. **[2]** In this connection it is sufficient to call attention to the rule that a motion to discharge a writ of attachment cannot be made to perform the office of a demurrer. (*Hale Bros.* v. *Milliken,* 142 Cal. 134, [75 Pac. 653]; *Pajaro Valley Bank* v. *Scurich,* 7 Cal. App. 732, [95 Pac. 911].)

No other matters require analysis.

The order is affirmed.

Lennon, J., and Wilbur, J., concurred.