[Civ. No. 4302. First Appellate District, Division Two.—October 27, 1922.]

## GEORGE BARBERICH et al., Respondents, v. HARRY POOSHICHIAN et al., Appellants.

[1] VENDOR AND VENDEE—ASSIGNMENT BY VENDEE—PERSONAL LIABIL-ITY OF ASSIGNEE.—The mere assignment of rights under an execu-tory contract for the purchase of property does not cast upon the assignee any of the personal liabilities imposed by the contract upon the assignor, but the rule is otherwise in a case where the assignee obligates himself to perform the covenants binding upon his assignor.

[2] ID.—ASSUMPTION OF CONTRACT—PLEADING—FINDINGS—LIABILITY OF ASSIGNEES.—In an action against the vendee and his assignees to have a certain contract for the purchase and sale of real prop-erty declared forfeited and to recover damages alleged to have been caused because of waste committed upon said property, where the complaint alleges that the vendee, by his contract, agreed to perform certain specified obligations and that his said assignees

1. Interest taken by assignee of executory contract for sale of realty, note, 5 Ann. Cas. 419.

undertook and agreed "to keep, observe, and comply with each and all of the terms and conditions in said contract contained on the part of the original vendee therein named," and these allegations are not denied and the trial court finds that they are true, recovery of damages may be had against said assignees for a breach of said obligations.

[3] ID.—DESTRUCTION OF PROPERTY—LIABILITY OF ASSIGNEES IN POSSESSION.—In such an action, recovery may be had by the vendor against the assignees of the vendee for damage caused by the tearing down of the fences and outbuildings on the premises, irrespective of whether or not they had obligated themselves to perform the conditions of the contract binding upon their assignor, where such damage was done during the time the premises were occupied by said assignees or by others holding under them.

[4] PLEADING—FORFEITURE OF CONTRACT—CONVERSION—JOINDER.—An action for forfeiture of a contract for the sale and purchase of real property may be combined with an action for damages for the conversion of personal property contained on said premises, where both of said causes of action arise out of the same transaction.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arsen Yeretzian for Appellants.

Frank Kauke for Respondents.

LANGDON, P. J.—This appeal is taken by the defendants, Arsen and Ada Yeretzian, from a judgment against them in an action to have a certain contract for the purchase and sale of real property in the county of Fresno, state of California, declared forfeited and to recover damages alleged to have been caused because of waste committed upon said property by the said defendants, while they were occupying the same under a contract to purchase.

In April, 1920, the plaintiffs and the defendant, Pooshichian, entered into a contract with relation to said land, by which plaintiffs were to sell and said defendant was to

3. Rights of parties to executory contract for sale of land for destruction of building before conveyance, notes, 9 **Ann. Cas.** 1055; 18 **Ann. Cas.** 796; Ann. Cas. 1913E, 304.

buy the same. Said defendant paid $1,500 to plaintiffs as the first payment upon the property. The purchase price was to be $6,600, payable in installments, and this sum also included the purchase price of certain personal property, such as horses, cows, chickens, and farming implements upon the property. The agreement also contained a provision that the taxes upon the land were to be paid by the purchaser and that the purchaser was to care for the premises "in the best farmlike manner and keep and maintain all of said personal property thereon in good order and condition and care and feed all the livestock thereon in the best farmlike manner." There was also a provision that the purchaser should not commit nor suffer to be committed any waste or damage to the premises, and that in the event the purchaser should fail to comply with the terms and agreements on his part to be kept and performed, the sellers might, at their option, declare the agreement canceled, annulled, and at an end and re-enter and take possession of the property, and that in that event all sums theretofore paid by purchasers under the contract should be forfeited and held and retained by the sellers as a reasonable rental for the use and occupation of the premises.

The breach relied upon by the plaintiffs as working a forfeiture of this contract was the failure to pay taxes for one year and the failure to keep the premises free from noxious weeds and grasses and to properly cultivate the same and properly care for the grape-vines and fruit trees planted thereon. The trial court gave judgment against the defendants jointly, canceling the contract, decreeing that all moneys paid under said contract be retained by plaintiffs as and for rental for the use and occupation of the premises, and that the plaintiffs recover $1,000 damages for waste and damage done to the property during the time they were in possession of same, and $450, the value of certain chickens, hogs, cows, and horses, sold and disposed of by defendants, which were a part of the personal property included in the contract. The judgment also bound the defendants to return the balance of the personal property included in the contract or pay the reasonable value thereof, which was recited in said judgment.

As stated, the original vendee, Pooshichian, has not appealed from the judgment against him, but this appeal is

taken by defendants Arsen and Ada Yeretzian, to whom Pooshichian assigned his rights under this contract, and who took possession of the land. The other defendants held the land under the Yeretzians by virtue of contracts with them, which do not concern us here.

The plaintiffs' right to the remedy they sought is settled in this state, after very careful consideration, by the case of *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].

[1] However, the appellants contend that, as assignees of the vendee, they were not obligated to perform the obligations cast upon the original vendee by the contract, and, therefore, may not be charged with damages for a breach of such obligations. The general rule is that the mere assignment of rights under an executory contract does not cast upon the assignee any of the personal liabilities imposed by the contract upon the assignor. (3 Cal. Jur. 281, sec. 33; *Lizenby* v. *Newton,* 120 Cal. 571 [65 Am. St. Rep. 203, 52 Pac. 813]; *Wilson* v. *Beazley,* 186 Cal. 437 [199 Pac. 772].) But the rule is, of course, otherwise in a case where the assignee obligates himself to perform the covenants binding upon his assignor. [2] There was no evidence offered upon this question in the instant case, but it is alleged in the complaint that Pooshichian agreed to keep the premises clear and free of all noxious weeds and grasses; "that prior to the commencement of this action, certain of the rights and interests which were acquired by the said defendant, Harry Pooshichian, under said contract, were by mesne transfers and conveyances conveyed and assigned to the defendants, Emma Pooshichian, Arsen Yeretzian, Ada Yeretzian, K. Bedrosian, Arousiak Bedrosian and M. Mkhalian, and that each . . . of said defendants has assumed and promised, undertaken and agreed to keep, observe and comply with each and all of the terms and conditions in said contract contained on the part of the original vendee therein named . . . " These allegations were not denied by said defendants, and the trial court found that they were true. Appellants are liable, therefore, for a breach of these obligations because of the privity of contract existing between the parties. And upon this theory recovery for the damage caused by noxious weeds and grasses could be had against appellants. [3] As to the tearing down of

the fences and outbuildings, appellants would be liable for the damage caused thereby irrespective of whether or not they had obligated themselves to perform the conditions of the contract binding upon their assignor. As stated in the case of *Wilson* v. *Beazley, supra,* the assignee may be charged with acts causing damage to property during the time of his occupancy; and, of course, for the conversion of the personal property the plaintiffs are entitled to recover. The destruction or disposition of the personal property, which was accomplished by the defendants, Bedrosian and Mkhalian, is chargeable to the appellants because said defendants were holding under the appellants and their possession was appellants' possession in so far as these plaintiffs are concerned. According to the testimony and the findings of the court, all of the personal property included in the contract, except some chickens, came into the possession of the appellants.

[4] Appellants argued in the trial court that an action for forfeiture of a contract may not be combined with an action for damages for conversion of personal property. We are of the opinion that the two causes of action may be joined under the circumstances disclosed by the complaint in the present case, because they both arose out of the same transaction. Our code provides (sec. 427, Code Civ. Proc.) that a plaintiff may unite several causes of action in the same complaint where they are all claims arising out of the same transaction. This provision includes causes of action legal and equitable, *ex contractu* and *ex delicto,* as well as those *ex delicto* though based on contract. (21 R. C. L., sec. 34, p. 469.)

We find no errors in the record before us which would warrant a reversal of the judgment against the appellants and the same is affirmed.

Nourse J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1922.

All the Justices present concurred.