[Civ. No. 4545. Second Appellate District, Division Two.—June 3, 1927.]

## IDA BLODGETT, Appellant, v. GRACE SHERWOOD TRUMBULL et al., Respondents.

[1] DEEDS—RESTRICTIONS—FRAUD—QUIETING TITLE—PLEADING—DAMAGES.—In an action to quiet title against certain restrictions alleged to have been inserted in a deed under promises by the grantor to insert similar restrictions in deeds to other property, which were made without intent to perform and with intent to defraud and to induce purchase, and for damages for breach of the fraudulent promises, where the complaint failed to demand damages from one of the two defendants joined in the action, it was insufficient as to him so far as the cause of action for damages was concerned.

[2] ID.—AGENCY—FRAUD—PLEADING.—In such action, the complaint, which alleged that the defendant grantor induced plaintiff to purchase the lot by fraudulent promises made by her agent to restrict the use of other property, and thereafter conveyed such property to the agent without restrictions, to plaintiff's damage, was insufficient to state a cause of action against the agent for damages.

[3] ID.—PLEADING—ACTIONS—JOINDER.—In such action, an allegation of the complaint that plaintiff was induced to purchase the lot subject to restrictions through fraudulent promises to restrict the use of other property and that the vendor broke the promises, and seeking damages and to remove the restrictions on plaintiff's lot, was not subject to demurrer on the ground that it joined an action for damages with one for the reformation of the deed, the action being aimed at quieting title against the restrictions in plaintiff's deed.

[4] ID.—RESTRICTIONS—SERVITUDES—EQUITY.—In such action, where the conveyance to plaintiff did not mention other lots to be benefited by the restrictions, no equitable servitude was imposed on plaintiff's lot in favor of other lots in the block conveyed by the vendor to a third party, there being neither privity of estate nor privity of contract between plaintiff and the third party.

[5] ID.—PLEADING—COMPLAINT—JOINDER.—In such action, where the third party's lots were not entitled to the benefit of the restrictions and he asserted no claim to the benefit of the restrictions, the complaint stated no cause of action against him and he was improperly joined as a defendant.

[6] ID.—PROMISES—PERFORMANCE—DEMURRERS.—In such action, defendant vendor's demurrer admitted plaintiff's allegations that the promises to restrict the use of other property were made to induce plaintiff to purchase, and that they were made without intent to perform.

[7] ID.—FRAUD—DAMAGES—PLEADING.—In such action, the complaint, which alleged that plaintiff purchased the lot subject to certain restrictions, that she was induced to purchase by promises of defendant to restrict the use of other lots in the same way and to convey only subject to such restrictions, that such promises were made without intent to perform and with intent to defraud and induce her to purchase subject to the restrictions, and that such promises were not kept, stated a cause of action for damages against the vendor under subdivision 4 of section 1572 of the Civil Code, defining fraud.

[8] ID.—BREACH OF RESTRICTIONS—VENDOR AND VENDEE—EQUITY.— In such action, where the deed restricting the use of the land reserved no reversionary right in the grantor, but merely the right to enjoin, abate, or remedy a breach of the restrictions, the grantor might, in the absence of fraud, enforce the restrictions while owning the property benefited, but after parting with the property which would derive benefit from a continuance of the restrictions the grantor might not complain, in a court of equity at least, of a breach thereof.

[9] ID.—CONDITIONS—FRAUD—PLEADING.—In such action, a count of the complaint alleging that the lot was conveyed to plaintiff subject to restrictions described in the deed as conditions running with the land, that the restrictions did not inure to the benefit of other lots, and that the deed did not reserve a reversionary right but merely provided that a breach of the restrictions must be remedied by the grantor, that the purchase was induced through the fraudulent promise of the grantor not to convey other property without

---

4.  See 7 Cal. Jur. 733; 9 Cal. Jur. 364.

imposing the same restrictions, and that the grantor had breached the same and had parted with the property benefited, stated a cause of action against the grantor for quieting title against the restrictions, under subdivision 4 of section 1572 of the Civil Code, defining fraud.

[10] ID.—PROMISE TO RESTRICT OTHER PROPERTY—FRAUD—DEFENSES. In such action, where plaintiff alleged the fraudulent insertion of restrictions in the deed under promise by the grantor to restrict other property in conveying it and that the grantor subsequently conveyed such property without restrictions to a third party, the existence of a restrictive agreement between the grantor and the third party apart from the deed to the other property was a matter to be pleaded in defense.

[11] QUIETING TITLE—DEEDS—RESTRICTIONS—FRAUD—ACTION—JOINDER.—An action seeking to quiet title against certain restrictions alleged to have been inserted in a deed under a promise to insert similar restrictions in deeds to other property, which were made without intent to perform and with intent to defraud and induce purchase, was properly joined with an action for damages for breach of the fraudulent promises, under subdivision 8 of section 427 of the Code of Civil Procedure, both causes of action being connected with the same subject of action.

[12] ACTIONS—JOINDER—SECTION 427, CODE OF CIVIL PROCEDURE—CONSTRUCTION.—Courts will give a liberal construction to subdivision 8 of section 427 of the Code of Civil Procedure, permitting the joinder of causes of action when they arise out of the same transaction and are connected with the same subject of action.

[13] ID.—PLEADING—COMPLAINT—JOINDER.—One complaint may include causes of action which are legal and equitable, *ex contractu* and *ex delicto,* provided the causes are all connected with the same transaction or subject of action, under subdivision 8 of section 427 of the Code of Civil Procedure.

[14] QUIETING TITLE—DEEDS—RESTRICTIONS—FRAUD—AGENCY—JOINDER.—In this action to quiet title against restrictions, which were inserted in a deed through the fraudulent promises made by the grantor's agent to insert similar restrictions in deeds to other property and for damages for the grantor's breach of the promises by conveying other property to the same agent without restrictions, the fact that the complaint stated no cause of action against the agent did not render the complaint subject to de-

13.   See 1 Cal. Jur. 354, 358; 1 R. C. L. 363.
14.   See 20 Cal. Jur. 571; 20 R. C. L. 709.

murrer by the vendor on the ground of misjoinder of parties, the vendor's interests not being affected by the joinder of the agent as co-defendant.

---

(1, 2) 2 C. J., p. 907, n. 99; 17 C. J., p. 999, n. 41.   (3, 4) 15 C. J., p. 1260, n. 17; 31 Cyc., p. 120, n. 84.   (5) 30 Cyc., p. 126, n. 48; 32 Cyc., p. 1349, n. 19.   (6) 31 Cyc., p. 333, n. 76.   (7) 27 C. J., p. 30, n. 77.   (8) 18 C. J., p. 396, n. 42.   (11) 1 C. J., p. 1084, n. 18.   (12) 1 C. J., p. 1082, n. 88.   (13) 1 C. J., p. 1084, n. 12, 13. (14) 31 Cyc., p. 274, n. 42.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Ida Blodgett, *in pro. per.*, for Appellant.

William G. Griffith for Respondents.

JOHNSON, J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of the defendants based on an order sustaining their demurrer to plaintiff's second amended complaint.

The complaint is in two counts. In the first count plaintiff alleges that the defendant Grace Sherwood Trumbull was the owner of lots 1 to 7, inclusive, in Block 1, of the Casitas Tract in Santa Barbara, as delineated on a recorded map, and that on May 3, 1922, the said defendant, together with her husband, Charles W. Trumbull, conveyed lot 7 to plaintiff, for a valuable consideration, by a deed of grant, of which a copy is attached to the complaint. The deed recites that the conveyance is subject to certain restrictions, declared therein to be "conditions running with the land." These restrictions continue in force until January 1, 1940, and provide that the premises shall be used only for private residence purposes and shall not be occupied by anyone not of the Caucasian race; also that the improvements shall cost not less than two thousand, five hundred dollars, and shall be set back at least thirty-five feet from the street line. The restrictions are not made to inure to the benefit of any of the other lots in the block, nor is any right of re-entry reserved in case of breach.

The deed states merely that any breach "may be enjoined, abated or remedied by appropriate proceedings had and taken by the grantors, their successors or assigns." Plaintiff 'alleges further that she was induced to purchase said lot by reason of promises made by the defendant Trumbull, through the defendant McFadden as agent, that defendant Trumbull would restrict in the same way the use of each of said other lots in said block, and would not convey any of them without subjecting the title to the same restrictions to which plaintiff's title was subjected. These promises, plaintiff alleges, were made by the defendant Trumbull without intent to perform and with intent to defraud plaintiff and induce her to accept title subject to the restrictions set forth. It is then alleged that by deed dated February 7, 1923, of which a copy is likewise annexed to the complaint, the defendant Trumbull and her husband conveyed lots 1 to 6 in said Block 1, together with other lots in the Casitas Tract, to the defendant McFadden, without any restrictions whatever.

The second count sets forth the same averments, and in addition alleges that by reason of defendant Trumbull's promises, plaintiff was induced to, and did, pay five hundred dollars more for her lot than she would have paid but for the promises made; and further, that by the conveyance of lots 1 to 6 to McFadden, without restrictions, the value of plaintiff's lots has been injured in the amount of five hundred dollars. Plaintiff prays for both actual and exemplary damages against defendant Trumbull, and further prays for a decree that her lot be freed from the restrictions imposed by the terms of her deed.

While defendants Trumbull and McFadden joined in the demurrer, yet they demurred therein separately as well as jointly to the entire complaint and to each separate count. The grounds of demurrer are that in neither count is a cause of action stated against either defendant; that there is a misjoinder of causes, in that a cause of action for damages is joined with a cause of action for reformation of the deed to plaintiff; and that the defendant McFadden is improperly joined as a defendant in the action with the defendant Trumbull.

[1, 2] So far as the defendant McFadden is concerned, his general demurrer was well taken. The second count

of the complaint seeks damages from the defendant Trumbull, but no damages are demanded of McFadden; nor does the complaint contain any allegations on which to base any claim against him for damages.   [3, 4]   The first count does not state a case for reformation of the deed, though the demurrer seems so to view that count.   It really is aimed at quieting title against the restrictions in plaintiff's deed; but there being no mention in the deed of any other lots to be benefited by the restrictions, there is neither privity of estate nor privity of contract between plaintiff and the defendant McFadden, and no equitable servitude is in fact imposed on plaintiff's property in favor of any of the other lots in the block.   [5]   (*Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945]; *McBride* v. *Freeman*, 191 Cal. 152 [215 Pac. 678].) As a matter of law, McFadden is a stranger to the restrictions in plaintiff's deed; and there is nothing in the complaint indicating that he has asserted any claim that the restrictions are for the benefit of any of his lots or that he is in any way interested in their enforcement.   Thus no cause of action was stated in either count against McFadden, and he was improperly joined as a defendant.   His demurrer was therefore properly sustained.

[6]   It is otherwise, however, as to the defendant Trumbull.   Her demurrer admits not only that the promises alleged were made in order to induce plaintiff to buy lot 7, but that they were made without intent to perform; and the deed to McFadden shows that in conveying to him lots 1 to 6, defendant Trumbull did not keep her promises. [7]   Hence the second count does state a cause of action for damages against her.

[8]   In the first count it is made to appear that at the time when lot 7 of Block 1 was deeded to plaintiff subject to restrictions, defendant Trumbull also owned lots 1 to 6; and while no reversionary right is reserved in the deed to plaintiff, the grantors did reserve for themselves, their successors or assigns, the right to enjoin, abate or remedy by appropriate proceedings any breach of any of the restrictions.   The right so reserved would be enforceable, in the absence of fraud, while the defendant Trumbull remained owner of the adjoining lots; but after she had parted with the property which would derive benefit from a continuance of the restrictions, she would have no standing, in a court

of equity at least, to complain of a breach. (*Forman* v. *Sadler's Exrs.*, 114 Md. 574 [80 Atl. 298]; *Genung* v. *Harvey,* 79 N. J. Eq. 57 [80 Atl. 955].) **[9]** In this case not only is it alleged that the defendant Trumbull has parted with the adjoining lots, but for purposes of demurrer it is admitted that the restrictions were introduced into the deed to plaintiff through fraudulent promises. (Sec. 1572, subd. 4, Civ. Code.) In this respect the case differs from *Currie* v. *Title Insurance & Trust Co.,* 60 Cal. App. 192 [212 Pac. 409], cited in the respondents' brief. The restrictions are described in the deed as conditions and not as covenants; but whether treated as one or the other, if they were incorporated in the deed through promises made by defendant Trumbull without intent to keep them, they could afford no right of action to her, either in a court of equity or a court of law.

**[10]** In *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945], a suit to quiet title against other lot owners in a tract, who had acquired no interest in the restrictions in the plaintiff's deed, was held proper; and in like manner the allegations of the first count of the complaint in the case at bar are sufficient to state legal grounds for relief through quieting plaintiff's title against the defendant Trumbull. It is intimated in the brief of respondents that though McFadden's deed was without restrictions, yet there is nothing in the complaint to negative the possibility that there may have been a separate restrictive agreement between him and the defendant Trumbull. If such should be the case, it would be a matter to be pleaded in defense. The complaint alleges that the lots deeded to McFadden were conveyed without any restrictions as to their use.

**[11]** So far as the joinder of the two causes of action, one to quiet title and the other to recover damages, is concerned, both causes arose out of the same transaction and are connected with the same subject of action. Joinder is therefore permissible under subdivision 8 of section 427 of the Code of Civil Procedure. **[12]** It is the disposition of the courts to give this subdivision a liberal construction, to the end that closely related controversies between the same parties may be adjudicated at one time. **[13]** Provided the causes are all connected with the same transaction or subject of action, the complaint may include causes legal

and equitable, *ex contractu* and *ex delicto.* (*Macowsky* v. *Irvine,* 71 Cal. App. 77 [234 Pac. 839].)   Other illustrations of the application of the rule are exhibited in *Boulden* v. *Thompson,* 21 Cal. App. 279 [131 Pac. 765], *Morris* v. *Judkins,* 36 Cal. App. 413 [172 Pac. 163], *Espinosa* v. *Stuart,* 52 Cal. App. 477 [199 Pac. 66], and *Barberich* v. *Pooshichian,* 59 Cal. App. 507 [211 Pac. 236].

[14]   The demurrer on the ground of misjoinder of the defendant McFadden, while available to him, did not furnish the defendant Trumbull with a valid objection to the complaint.   The action properly lies against the defendant Trumbull; and her interests not being affected by the joinder of McFadden as a co-defendant, it was not open to her to demur for misjoinder of parties.   (*Gardner* v. *Samuels,* 116 Cal. 84, 90 [58 Am. St. Rep. 135, 47 Pac. 935] ; *Madary* v. *City of Fresno,* 20 Cal. App. 91, 98 [128 Pac. 340].)

The demurrer of the defendant Trumbull should have been overruled on all the grounds specified.

The judgment in favor of the defendant McFadden is affirmed, but the judgment in favor of the defendant Trumbull is reversed.

Works, P. J., and Thompson, J., concurred.