[Civ. No. 10984.   First Appellate District, Division Two.—January 6, 1939.]

ROBERT L. MARR, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

J. Bruce Fratis for Petitioner.

No appearance for Respondents.

STURTEVANT, J.—The petitioner applied to this court for a writ of mandate directing the trial court to allow the petitioner to file an amended answer in an action pending before said trial court. We ordered an alternative writ issued and the said writ was served on the respondents. The hearing of said application was on the calendar December 12, 1938. No appearance was made by respondents and the application was submitted.

On the 25th day of July, 1936, the Bay Cities Loan Company, a corporation, filed in the Justice's Court in the City of Berkeley, County of Alameda, State of California, an action, number 27420, against this petitioner and his wife. Later it filed an amended complaint. The defendants filed an answer to the amended complaint, a trial was had on the issues made by said pleadings, and a judgment was rendered in favor of Bay Cities Loan Company. From that judgment Robert L. Marr, and his wife appealed on questions both of law and of fact. Later the action came on for trial *de novo* before the superior court. It was partly tried but was continued and the trial is now incomplete.

After said action was commenced against Robert L. Marr and his wife, Robert filed a petition in bankruptcy. In his petition he listed the obligation on which Bay Cities Loan Company had sued him and his wife. On the 25th day of April, 1936, he was adjudged a bankrupt. On the 26th day of October, 1936, he was granted a discharge in bankruptcy.

The amended complaint in said action number 27420 pleaded the plaintiff's suit in one count. It contains seven paragraphs. The first four paragraphs contain the ordinary allegations of a complaint based on a promissory note. The remaining paragraphs contain allegations pleading a cause of action in fraud and deceit and allege that at the time Robert

L. Marr and his wife applied for the loan mentioned above they made certain false representations regarding their credit, that Bay Cities Loan Company believed said representations, and acted thereon.

Bay Cities Loan Company also inserted in its complaint: "VI. On or before the 25th day of April, 1936, defendant Robert L. Marr was adjudged a bankrupt in the District Court of the United States in and for the Northern District of California, Southern Division." The pleading concludes with a prayer for $240.09, the principal, interest from February 27, 1936, counsel fees in the sum of $100, costs, and for such other and further relief as to the court may appear just and proper. In their answer Robert L. Marr and his wife admitted the material allegations regarding the execution and delivery of the promissory note and also paragraph VI, *supra*. They denied specifically all of the allegations charging fraud and deceit. The answer contained other denials not material to this application.

While action 27420 was on trial in the justice's court Robert L. Marr sought to introduce in evidence his discharge in bankruptcy. That attempt was opposed because he had not pleaded a discharge. His attorney took the position that the failure to plead the discharge was his own fault and not that of his client. He made a motion to be allowed permission to plead the discharge in bankruptcy, the motion was denied and thereafter judgment was entered against this petitioner.

After the action had been appealed to the superior court, on June 7, 1937, Robert L. Marr applied to that court for permission to amend. He supported his motion by the affidavit of the attorney who represented him in the justice's court. No counter-affidavit was presented by or on behalf of Bay Cities Loan Company. That motion was also denied. Later Robert L. Marr substituted his present attorney for the one who had represented him in the justice's court. The hearing of the appeal commenced on the 15th day of September, 1938. Robert L. Marr again made a motion to amend his answer. He supported his motion by presenting a copy of the amended answer and the affidavit of the former attorney. No counter showing was made, but his motion was denied. For reasons not disclosed in the record the hearing of the trial was continued and the action is still pending in the trial

court. On November 28, 1938, the petitioner applied to this court for a writ directed to the trial court commanding it to allow petitioner to file said amended pleading.

The foregoing statements clearly show that the record presents no disputed question of fact but solely questions of law. It does not show that petitioner's application to amend was not in proper form. ■ The general rule is that amendments are allowed in furtherance of justice when it can be done without prejudice to substantial rights of others, and not simply to give one a technical advantage. Under such circumstances it has been held to be reversible error to deny a motion to file an amended complaint. (*Hurley* v. *Lake County,* 133 Cal. App. 219 [23 Pac. (2d) 838].)

■ The remaining question of law is whether pleading a discharge in bankruptcy is a meritorious defense. In the instant case that question does not seem to be debatable. In so far as the suit of Bay Cities Loan Company was a claim against Robert L. Marr based on his promissory note, it is patent the discharge in bankruptcy was a meritorious defense. (18 C. J. 464.)

■ In so far as the same pleading was a charge of fraud against Robert L. Marr, a slight question arises. But that question is only slight. Conceding that he was guilty of fraud and deceit, under well-settled rules of law Bay Cities Loan Company was entitled to waive the tort and to sue as on an implied contract. (12 Cal. Jur. 785.) That being the fact, even though no promissory note had ever been executed, the claim of Bay Cities Loan Company was one that could have been proved against Marr's estate in bankruptcy and therefore was a claim to which his discharge in bankruptcy was a meritorious defense. (*Crawford* v. *Burke,* 195 U. S. 176, 187 [25 Sup. Ct. 9, 49 L. Ed. 147].) In a similar case the court cited the case just mentioned and then it said: "This court held that plaintiff's claim was 'provable under the bankruptcy act', that is, was 'susceptible of being proved', and that it might have been proved under section 63a as 'founded upon an open account or upon a contract express or implied', if plaintiff had chosen to waive the tort and take his place with the other creditors of the estate." (*Tindle* v. *Birkett,* 205 U. S. 183, 186 [27 Sup. Ct. 493, 51 L. Ed. 762].)

It follows that whether the claim of Bay Cities Loan Company is measured by the first charge stated in its complaint, or by the second charge stated in its complaint, it could have been proved and allowed against the estate in bankruptcy of Robert L. Marr. (Bankrupt Act, sec. 63, subd. a.) It further follows that the discharge was a complete defense against said claim as measured by either charge. (Bankrupt Act, sec. 17.)

■ That the petitioner has selected a proper remedy is also clear. In the first place it should be noted that from the judgment in action number 27420 the statute does not authorize an appeal. (Code Civ. Proc., sec. 963.) In 38 C. J., at page 608, the author says: ''While as already shown the discretion of the court will not ordinarily be controlled by *mandamus,* it is not universally true that the writ will not issue to control such discretion or to require a judicial tribunal to act in a particular way. Where the discretion of a court can be legally exercised in only one way, *mandamus* will lie to compel the court so to exercise it; and in some cases *mandamus* has been employed to correct the errors of inferior tribunals and to prevent a failure of justice or irreparable injury where there is a clear right, and there is an absence of any other adequate remedy, as for instance where no appeal lies, or where the remedy by appeal is inadequate. It may also be employed to prevent an abuse of discretion, or to correct an arbitrary action which does not amount to the exercise of discretion.'' In support of the text it is sufficient to cite the following well-considered cases: *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978]; *In the Matter of Ford,* 160 Cal. 334, 346 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882]; *Ford* v. *Superior Court,* 17 Cal. App. 1, 3 [118 Pac. 96]; *Newlands* v. *Superior Court,* 171 Cal. 741, 744 [154 Pac. 829]; *Sakurai* v. *Superior Court,* 65 Cal. App. 280 [223 Pac. 575]; *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 289 [88 Pac. 356, 119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682]; *Dixon* v. *Risley,* 114 Cal. 204 [46 Pac. 5].

■ No one of the foregoing propositions is weakened in any respect because the action was commenced in the justice's court and in part it sounded in fraud and deceit. The amount sued for being less than $300, the justice's court had jurisdiction to hear it. (*Stephan* v. *Superior*

*Court,* 183 Cal. 673, 677 [192 Pac. 1083].) As both the first part of the complaint, a cause of action based on a promissory note, and the second part of the complaint, obtaining a loan under false representations, arose out of one and the same transaction, both matters were properly joined in one and the same action. (Code Civ. Proc., sec. 427, subd. 8; *Kane* v. *Mendenhall,* 5 Cal. (2d) 749, 753 [56 Pac. (2d) 498]; *Barberich* v. *Pooshichian,* 59 Cal. App. 507, 511 [211 Pac. 236]; *Figlietti* v. *Frick,* 203 Cal. 246, 249 [263 Pac. 534].)

Let a peremptory writ issue as prayed for.

Nourse, P. J., and Spence, J., concurred.