[Civ. No. 8779. Second Appellate District, Division Two.—December 28, 1934.]

J. G. BECKJORD, Respondent, v. WM. I. TRAEGER, as Sheriff, etc., et al., Defendants; SILAS F. SLUSHER et al., Appellants.

[redacted]

Walter F. Haas, H. C. Johnston, G. E. Kerrin, George M. Breslin and Henry G. Bodkin for Appellants.

John A. Jorgenson for Respondent.

STEPHENS, P. J.—A judgment was rendered in the superior court against defendants, all of whom other than defendant Traeger, as sheriff, appeal.

The findings of fact supported, as we think, by the evidence, may be abbreviated as follows: The plaintiff Beckjord, respondent herein, owned an open market premises and was a party to a lease of the same and a party to a chattel mortgage upon fixtures therein; Ben H. and Chauncey W. Chamberlain were the lessees and mortgagors in possession. The lease and the mortgage were combined in one instrument. Prior to the date of the lease Beckjord had entered into an agreement regarding a lease of the same premises to Silas F. and Margaret F. Slusher. The Slushers had the right to assign their interests to any lessee who would be satisfactory to Beckjord and accordingly they produced the Chamberlains as assignees and represented that Ben H. Chamberlain was financially able to pay the aggregate rental for the whole leasehold term and that they, the Slushers, intended to turn over the fixtures then in the premises to the Chamberlains and that they would back the Chamberlains in altering, improving and equipping the market. The Slushers with full knowledge of the transaction permitted it to proceed and they consented to the giving of the chattel mortgage on all fixtures, etc., as security for rental and performance of the lease.

Upon such representations the lease and mortgage with the Chamberlains was entered into. Immediately prior to and during the time the negotiations by which the Chamberlains became lessees, and up to such time, no business was

being done on the premises and no sales stock of any kind was on hand. The Chamberlains defaulted in some of the required payments on the lease and they were also behind in obligations to the Slushers for money loaned them in connection with the market transaction. The Slushers brought suit against the Chamberlains on two promissory notes and had the sheriff attach the fixtures, etc., mortgaged to Beckjord. The sheriff was informed of this chattel mortgage and in order that the sheriff should retain possession, the Slushers and a surety executed an indemnity bond to the sheriff. Later the fixtures were sold to defendant S. F. Slusher and he removed them from the premises and converted them to his own use. Beckjord brought an action for damages and recovered.

As above indicated and contrary to the contention of appellants it is our opinion that the evidence in the case supports the findings and also the judgment, but appellants contend that the chattel mortgage given Beckjord by the Chamberlains was and is void as to the Slushers. This claim is based upon the premise (a) that the provisions of section 3440 of the Civil Code (bulk sales law) had not been complied with before the Chamberlains executed the mortgage and (b) that the mortgage cannot be effective as against the Slushers as the ''good faith'' affidavit, affixed to the mortgage and which is required by section 2957 of the Civil Code, was fatally defective.

■ Aside from the alleged deficiencies of the affidavit attached to the mortgage, we hold that neither of these contentions is tenable. Both of these sections of the Civil Code are for the protection of creditors not in privity with the parties to an obligation and the findings of fact remove the Slushers from that category. Under the findings it can hardly be said that the Slushers were without notice of the mortgage when that was one of the terms of the deal. (Sec. 2973, Civ. Code.) ■ But even if they were without actual notice, they were certainly estopped from claiming their debt ahead of the mortgage secured debt. It may be admitted that estoppel must ordinarily be pleaded but an inspection of the transcript reveals the fact that estoppel was discussed in the opening discussion of the case and in the testimony that followed and was in effect carried into the findings. In such circumstances it became an issue of the case as effectively as though it had been pleaded.

■ It is our opinion that section 3440 of the Civil Code does not apply for the reason that the venture had not become a going one when the chattel mortgage was given. The Chamberlains had not opened a sales establishment upon the premises and did not do so until some time thereafter. The market had been completely closed before the Chamberlains became interested in it.

In addition to the facts that the mortgage given to Beckjord by the Chamberlains was known to the Slushers and was given with their approval, we think the good faith affidavit substantially complies with the statute. ■ The signature of Beckjord, with the Chamberlains, to the affidavit, is effective notwithstanding Beckjord's name does not appear in the body of the instrument. The fact that the notary did not write "notary public" after her signature on the jurat is a technicality without merit; her affirmed seal included upon its imprint both her name and her office. For a general discussion germane to the subject see 1 California Jurisprudence, 250 et seq.

Appellant claims that the fixtures, alleged to be unlawfully seized and converted, were given too high a valuation by the trial court. We think the trial court was better able to fix such value than we are.

Judgment affirmed.

Crail, J., and Willis, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 26, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1935.