[Civ. No. 2514.   Fourth Appellate District.—March 19, 1940.]

WILLIAM F. YOUNG, Appellant, v. NEWTON E. CRAMER et al., Respondents.

Phillips & Thompson, L. H. Phillips and Henry N. Cowan for Appellant.

O'Melveny, Tuller & Myers, Marshall Taylor, Pierce Works and W. B. Carman, Jr., for Respondents.

BARNARD, P. J.—In this action the appellant sought a judgment declaring that the title to certain real property had reverted to him because of the breaching of the restrictions and conditions set forth in a deed by.which the property had been conveyed to a predecessor of the respondents.

The appellant was originally a beneficiary under a subdivision trust in which a bank was the trustee. All of the lots in the subdivision were sold and all were conveyed by the

trustee through deeds containing the restrictions, conditions and provisions here in question. The respondents' predecessor purchased two of the lots and later conveyed them to the respondents. After all of the lots were sold the trustee bank conveyed its right of reentry to the beneficiaries of the subdivision trust in proportion to their respective interests in the trust. The appellant, claiming a violation of certain building restrictions, sought a judgment declaring that the title to these two lots had reverted to him, although he holds only an undivided 550/1000ths interest in said right of reentry and the holders of the other fractional interests in said right of reentry have refused to join him in the prosecution of the action.

The complaint alleged that all lots in the tract were conveyed by deeds containing certain building restrictions, which are set forth, and also containing the following provisions:

"Provided, further, That a breach of the foregoing conditions and restrictions shall cause said premises to revert to the grantor, its successors or assigns, each of whom respectively shall have the right of reentry immediately upon said premises in the event of any such breach; and as to the owner of any other lot in said Tract, the foregoing restrictions and conditions shall operate as covenants running with the land, and a breach of any such covenants or continuance of any such breach may be enjoined, abated, or remedied by appropriate proceeding by such grantor, its successors or assigns, or by any such owners, their heirs, devisees, executors, administrators, successors or assigns, but by no other person. . . .

"It is understood and agreed that the foregoing conditions and restrictions are a part of a general plan for the improvement of Tract 4642, which plan contemplates that all of the lots in said Tract shall be used for residence purposes only, except as hereinabove specifically provided, and that said conditions and restrictions are for the benefit of said Tract, and each and every parcel of land therein, and shall inure to and pass with said Tract, and each and every parcel of land therein, and are hereby imposed upon the premises covered by this conveyance as a servitude in favor of said Tract, and each and every parcel of land therein as the dominant tenement or tenements."

The complaint further alleged "that the sole purpose for such restrictions was to benefit the subdivision as aforesaid as a whole and each and every lot thereof", and "that the existence of such restrictions on each and every lot in said subdivision was used as an inducement to each· and every buyer and that the price of each lot was increased by reason of the restrictions on each and every other lot".

The respondents interposed general and special demurrers to the complaint which were sustained without leave to amend. It is conceded that the appellant is unable to allege that he is the owner of any land within this subdivision and the question presented on this appeal from the judgment is whether a cause of action was stated in the absence of such an allegation.

The appellant contends that the deed to the lots in question, which passed from his predecessor to the predecessor of the respondents, contained the reservation of a right of reversion; that this constituted a part of the estate which was not conveyed; and that he has acquired this interest, which is sufficient to enable him to maintain this action although he owns no property in the subdivision. In passing upon a similar contention the Supreme Court, in *Parry* v. *Berkeley etc. Foundation*, 10 Cal. App. (2d) 422 [74 Pac. (2d) 738, 114 A. L. R. 562], said:

"A more accurate analysis of the interest involved discloses that when the grantor conveys the fee simple on condition subsequent, he has no actual *estate* remaining with him. The grantee takes the entire estate of the grantor, and unless he breaches the conditions is in the same position as an owner in fee simple absolute. The interest of the grantor in such case is not, strictly speaking, a residue of the estate left in him; it is merely a right of power to terminate the estate of the grantee and retake the same, if there is a breach of condition."

In *Werner* v. *Graham*, 181 Cal. 174 [183 Pac. 945], the court said:

"The enforcement of covenants restricting the use of one parcel of land for the benefit of another parcel, not merely as between the original parties, but as between their respective grantees between whom no privity of estate or of contract can properly be said to exist, originated at a compara-

tively recent date in the chancery courts and apparently without a clear appreciation of the fact that the enforcement of such covenants for and against grantees of the original parties was, in effect, the creating of servitudes. Such servitudes are frequently spoken of as 'equitable easements'. They were unknown to the common law and are not among the servitudes enumerated by our code. (Civ. Code, secs. 801, 802.) They are opposed to the rule that the owner of land may not create new and heretofore unknown estates, and while their validity—that is, the enforceable character of such covenants as against grantees of the original parties—is now too well established to admit of question, it has resulted that the covenants which will be so enforced are limited to those which directly concern and benefit what we may term the dominant tenement, and, also, that any provisions of an instrument creating or claimed to create such a servitude will be strictly construed, any doubt being resolved in favor of the free use of the land.''

In *Firth* v. *Marovich,* 160 Cal. 257 [116 Pac. 729, Ann. Cas. 1912D, 1190], it is said: ''It is not open to question that building restrictions of the kind contained in the deed from plaintiff to Scherer are valid and enforceable at the suit of the grantor so long as he continues to own any part of the tract for the benefit of which the restrictions were exacted.'' In *Los Angeles University* v. *Swarth,* 107 Fed. (C. C. A. 9th) 798 [54 L. R. A. 262], the court said:

''But the complainants do not show in their bill, and it is not shown by affidavit or otherwise, that they are now the owners of or have any interest in any lands in the vicinity of the university buildings or the campus connected therewith, but, on the contrary, it is averred upon information and belief, in one of the affidavits, that the complainants have no such interest. The inference is, therefore, that the complainants are not in any way interested in the benefit arising from the restriction or limitation placed upon the granted estate by the terms of the covenant contained in the deed, and that the complainants will not be damaged by the failure of the defendants to comply with the terms of the covenant. They are therefore not in a position to maintain this action.''

In that case, in commenting upon the case of *Graves* v. *Deterling,* 120 N. Y. 447 [24 N. E. 655], the court further said:

"In the last case cited, the complainants failing to show such an interest, the complaint was dismissed upon the ground that the complainants had no right or interest upon which an action could be founded. And in reason and principle this must be the rule upon the subject. In general terms, the benefit of a condition in a grant is reserved to the grantor and his heirs without regard to the ownership of other property; but, where the grant contains a restriction in the nature of a covenant that has relation to a benefit to adjoining property, the restriction can only be enforced in favor of the title to such adjoining property."

While the decisions in other states upon the question now before us are in conflict, it is recognized by the law writers that the majority view is to the effect that such restrictions and conditions as those now before us can be enforced only by the owner of a part of the land for the benefit of which the restrictions and conditions were created. Among the cases supporting this view are *Sanborn* v. *Rice*, 129 Mass. 387; *Stevens* v. *Galveston. H. & S. A. Ry. Co.*, (Tex. Com. App.) 212 S. W. 639; *Merrifield* v. *Cobleigh*, 58 Mass. (4 Cush.) 178; *Crocker* v. *Ingersoll Engineering & Const. Co.*, 249 Fed. (C. C. A. 6th).31; *Barrie* v. *Smith*, 47 Mich. 130 [10 N. W. 168]; *Maddox* v. *Adair*, (Tex. Civ. App.) 66 S. W. 811; *Davis* v. *Skipper*, 125 Tex. 364 [83 S. W. (2d) 318].

It is particularly appropriate that this view should be adopted under the facts of this case where the deeds conveying all of the lots in this tract each contained restrictions, conditions and provisions which are so clearly and definitely set forth as relating to the adjoining lots in the tract, and as being imposed for the specific purpose of benefiting all of the lots in that tract. The deeds provided that all of the conditions and restrictions are a part of a general plan for the improvement of the tract as a whole, that they are for the benefit of the tract and every parcel of land therein, that they shall inure to and pass with the tract and each parcel thereof, and that they are imposed upon the particular lot as a servitude in favor of the whole tract and each part thereof as the dominant tenement. It is further definitely alleged that the existence of such restrictions was used as an inducement to each buyer of a lot, that the price of each lot was increased by reason thereof, and that the sole purpose of such

restrictions was to benefit the subdivision as a whole and each and every lot thereof.

We think it clearly appears that the right to which the appellant lays claim is not strictly an estate in reversion and that it is not a personal covenant of which he may take advantage. It is an equitable easement or servitude created for the benefit of other lots in the tract and their owners. In so far as here appears there was nothing for the trustee bank to convey to the appellant and he acquired nothing by that conveyance which would enable him to maintain this action, in the absence of the ownership of a portion of the land for the benefit of which the restrictions, conditions and provisions were made. The provisions of the deed should be read as a whole and, so taken, they disclose that the right given to the grantor to have the title reverted upon the breach of the conditions was given to the grantor as an owner of land in the tract and not personally, and it must be held that the exercise of such a right is dependent upon the continuance of ownership of some part of the tract, the benefit of which was the sole purpose of the entire agreement.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1940.