[Civ. No. 11686.   First Dist., Div. Two.   Aug. 27, 1941.].

C. B. MADERIS, Appellant, v. JAMES PATTAVINA et al.,
Respondents.

C. B. MADERIS, Appellant, v. JACK P. SILVA et al.,
Respondents.

Victor A. Chargin, Owen D. Richardson and Donald B.
Richardson for Appellant.

Bruce P. Griswold and Bohnett, Hill, Cottrell & Boccardo for Respondents Pattavina et al.

C. C. Coolidge and John R. Sullivan for Respondents Silva et al.

DOOLING, J., *pro tem.*—These two cases were tried together and the appeals are presented on a single typewritten record. In each of them the plaintiff sought to enforce a condition subsequent contained in the respective deeds under which defendants derive title and to quiet title against defendants for violation of such condition. The lots involved, lots 32 and 33, were a part of a subdivision consisting of 34 lots known as Delwood Park. The subdivision map was recorded on October 20, 1924. Each of the deeds from plaintiff and her husband, the original subdividers, to the lots in question contained the following language:

"This conveyance is made and accepted upon the express condition . . . that said property shall not be used or occupied by any person other than one of the Caucasian race. . . . " And each contained a further provision that in the event of a breach of such condition the estate granted should terminate and become void and the property should revert to the grantors or their successors.

The court found as to the two lots in question that lot 33 had been occupied by negroes and that defendant Juana Pattavina, in occupancy of lot 32 with her husband, is a person of one-quarter negro and three-quarters Caucasian blood. For the purpose of this opinion we may assume, without deciding, that Juana Pattavina is not a person of the Caucasian race within the meaning of the condition in the deed.

The court found that plaintiff and her husband, at the time of the respective conveyances of lots 32 and 33 by them, orally represented to the grantees that all the lots in the subdivision were being sold subject to the conditions and restrictions contained in the deeds to them and that the grantees believed and relied upon such representations. It was further found that subsequently plaintiff and her husband conveyed to others lots 31 and 34 of Delwood Park without any conditions or restrictions. From these facts the court concluded that the condition here involved had been

waived and entered judgments quieting defendants' title against plaintiff.

These judgments were clearly correct under the settled law in this state. (*Brown* v. *Wrightman,* 5 Cal. App. 391 [90 Pac. 467]; *Hanna* v. *Rodeo-Vallejo Ferry Co.,* 89 Cal. App. 462 [265 Pac. 287]; *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]; *Wedum-Aldahl Co.* v. *Miller,* 18 Cal. App. (2d) 745 [64 Pac. (2d) 762].)

■ These cases are to the effect that where the restrictions in a deed are inserted pursuant to a general scheme or plan of building up the tract and for the benefit of the lots located in the tract and of the persons purchasing such lots, the grantors by later selling other lots in the tract without such restrictions waive the right to enforce the restrictions against the earlier grantees.

■ Appellants complain of the finding of the oral representations above referred to and cite *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]. The case is not in point on the question here presented. That case held that oral representations cannot enlarge the effect of conditions inserted in deeds to lots in a tract so as to transform them into reciprocal covenants running in favor of the other lot owners. That was not the effect of the representations here found. Their effect was to establish a general scheme of building up the tract for the benefit of all the purchasers of lots in the tract and so to bring these within the rule of waiver above referred to.

The judgments appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1941. Houser, J., voted for a hearing.