[Civ. No. 14928. First Dist., Div. Two. Nov. 20, 1952.]

JAMES E. TOWNSEND, JR., et al., Respondents, v. ALYSSE WYATT ALLEN et al., Appellants.

Everett S. Layman and Kenneth S. Carey for Appellants.

Myers & Carter for Respondents.

NOURSE, P. J.—Defendant Alysse Wyatt Allen appeals from a judgment quieting title to certain real property in plaintiffs and declaring void certain restrictions and right of reentry which defendant claimed she was entitled to enforce.

The basic facts are undisputed. The property involved was deeded on January 6, 1908, by Mrs. Alice Latham and her husband to William L. Deysher. In the deed the property—we shall further use the terms Deysher deed and Deysher property—was described in substance as lot (1) on a plat of land of Mrs. Alice Latham in San Anselmo, County of Marin, State of California, which subdivision map had been recorded on January 4, 1908, after having been duly acted on. No restrictions applicable to the lots of the subdivision were recorded. The Deysher deed stated as express conditions of the conveyance in substance that the lot should not be used for sale, et cetera of liquor, that the public and pri-

vate roads fronting the lot should be kept clear of vehicles, farm implements and other obstructions and that in case of violation of these conditions title would revert to the grantors and they would have the right to reenter. At the time of the Deysher deed Mrs. Latham owned as her separate property a tract of land in San Anselmo of which the recorded subdivision formed part and she and her husband owned as community property a tract of land abutting on Mrs. Latham's separate tract, on which community tract, further called the home tract, the Lathams lived. Mrs. Latham never sold any lot of the plotted subdivision except the Deysher lot. For many years Deysher operated a garage on said lot and Mrs. Latham continued to live on the home property. On April 24, 1926, Mrs. Latham deeded the home tract to her granddaughter Alysse Wyatt Allen, appellant herein, and her other tract including the platted subdivision with the exception of the Deysher lot to her daughter Mrs. Alysse Latham Allen without making any restrictions as contained in the Deysher deed in either of these two deeds. Both the latter deeds were recorded in September, 1939, after Mrs. Latham had died in that month. Mrs. Alysse Latham Allen and Alysse Wyatt Allen were Mrs. Latham's only heirs and devisees. Moreover, Alysse Wyatt Allen was executrix of her will. On September 30, 1944, the two grantees each conveyed the land obtained to Lang Bros., a partnership, again without making any restrictions as imposed on the Deysher property. The successor of the grantee partnership, the Lang Construction Company, at the time of the trial in this case was preparing the lands acquired for commercial and multiple dwelling purposes, not in accordance with the recorded plat of Mrs. Latham. Some of the roads projected on the plat had been abandoned. In 1947 the plaintiffs acquired the Deysher property, with knowledge of the restrictions contained in the Deysher deed, which had been recorded. In September, 1948, they instituted this action to quiet title and avoid the restrictions contained in the said deed. Only Alysse Wyatt Allen, both in her individual capacity and as executrix of the will of Mrs. Latham, the original grantor, answered claiming to have succeeded to the rights reserved by the grantor in the Deysher deed. Alysse Latham Allen and the Lang partners filed disclaimers.

After having taken evidence, among other things with respect to the increasing commercial and industrial development of the neighborhood, the court found in substance the facts to be as stated above and further in part that the re-

strictions had been incorporated in the Deysher deed for the protection of the other lots of the subdivision as first class residential property and for the protection of the land retained by Mrs. Latham for her own use; that when Mrs. Latham disposed of all said land without placing any restriction on it, she waived said restrictions; that appellant and Mrs. Alysse Latham Allen before the institution of this action had disposed of all lands involved without making any restrictions and that they did not live in, or own any property or have any interest in San Anselmo or its environs, and that because of change in the purpose for which surrounding lands were used all property involved was best used for business purposes, wherefore the court concluded in accord with plaintiffs' prayers.

Appellant urges mainly that the right of reentry reserved in the Deysher deed was an interest in real property which cannot be avoided in equity in the same manner as this can be done with respect to equitable servitudes; that where the deed did not provide that the restrictions were made for the benefit of the remainder of the tract as dominant tenement, the interest reserved was personal to the grantor and her successors in interest and was not lost by her disposing of the remainder of the tract or by waiver; that the court could not base a finding that the restrictions were made for the benefit of lands retained by the grantor on evidence outside the deed and that the change found in the purpose for which surrounding lands were being used had no relation to the subject matter of the restrictions reserved.

It may be conceded that where the Deysher deed stated the restrictions involved to be express conditions and gave a right of reentry in case of violation without any indication that possible forfeiture was not intended by the parties, and where said restrictions were not unlawful or unreasonable, said conditions were, when made, valid and enforceable as written. (*Rosecrans* v. *Pacific Elec. Ry. Co.,* 21 Cal.2d 602, 605 [134 P.2d 245] ; *Wedum-Aldahl Co.* v. *Miller,* 18 Cal.App.2d 745, 750 [64 P.2d 762].) However it does not follow from the character of said restrictions as conditions subsequent with right of reentry that said restrictions must be secure from attack in equity when changed circumstances or prior conduct of the party seeking enforcement has caused said enforcement to be purposeless or inequitable. In California cases such circumstances have long since led to avoidance of restrictions notwithstanding the fact that they were in

the form of conditions subsequent. In *Brown* v. *Wrightman* (1907), 5 Cal.App. 391 [90 P. 467] an express condition subsequent against sale of intoxicating liquor or maintaining of a house of prostitution on the premises was held waived and grantor estopped from enforcing it where he sold portions of the tract of land retained by him without incorporating such conditions, and grantees of such portions maintained houses of prostitution and places for the sale of intoxicating liquor on their premises with the knowledge and acquiescence of the plaintiff. In *Bernstein* v. *Minney* (1929), 96 Cal.App. 597 [274 P. 614] the owners of a tract being subdivided imposed building restrictions as conditions subsequent with reverter in case of breach on three lots they sold. The conditions among other things restricted the use to residential purposes. The grantors did not uniformly impose the restrictions when selling other lots and permitted use of lots for business purposes so that the character of residential property of the land around the restricted three lots was lost. A judgment quieting title to the three lots against the conditions subsequent was upheld on appeal on the basis of waiver (p. 601). The court pointed out that if the restrictions had been breached the grantors would not have been entitled to damages and added (p. 600) : ''Does the mere fact that a forfeiture of the whole fee is stipulated in the deeds alter the power of this court, under these circumstances, to render equitable justice? We think not. It is for just such conditions as these that equity is designed as a remedial agency.'' Also in *Wedum-Aldahl Co.* v. *Miller, supra* (1937), 18 Cal.App.2d 745 title of the grantee to lots in a subdivision was quieted free from a right of reverter to the grantor in case of breach of restrictions—in that case, as in ours, restrictions against sale of intoxicating liquor. The grantor had given up .his original purpose to hold the whole development free of intoxicating beverage, had sold many lots in the same tract without liquor restrictions and had acquiesced in violation of clauses inserted in other deeds. It was held that under these circumstances enforcement of the restrictive clause against the plaintiff would be inequitable, that it must be considered waived and the grantor estopped from asserting its validity. In *Young* v. *Cramer* (1940), 38 Cal.App.2d 64 [100 P.2d 523], a successor of the grantor was denied enforcement of a right of reentry reserved for grantor in case of breach of restrictions imposed on each lot as part of a general

plan for improvement of the tract for the benefit of each parcel of the tract as dominant tenement, where the grantor no longer owned any land within the tract. In *Alexander* v. *Title Ins. & Trust Co.* (1941), 48 Cal.App.2d 488 [119 P.2d 992], a restriction limiting the use of a lot of a subdivided tract to single residences and a right of reverter in case of breach were removed when it was shown that the right of reverter as to the lots of that tract was held by defendant trust company who had relinquished the reversionary interest in some of the lots in consideration of substantial amounts of money but which did not own any land in the tract, and that because of changed conditions in the surroundings the property had become unfit for residential purposes and valuable for commercial use. It was held that the restrictions were obviously made for the benefit of the other property in the tract and that enforcement of the restrictive provisions against plaintiff was inequitable and could not be claimed by defendants who had no interest in the upholding and had shown this lack of interest by relinquishing the restrictions as to other lots. This court in *Maderis* v. *Pattavina* (1941), 46 Cal. App.2d 615 [116 P.2d 495] held that subdividers who had conveyed certain lots on express conditions with reverter in case of breach, representing orally that all lots were being sold on these same conditions, waived their right to enforce them when they conveyed other lots without inserting the same.

In none of these cases did the circumstance that the right of reentry or reverter might be considered a conditional interest in real property, as urged by appellant, prevent the destruction of that interest when the enforcement of the restriction it was intended to protect had become useless or inequitable. Correctly so. The technical classification of a legal concept alone may not prevent an equitable and useful solution. The effect of upholding restrictions with right of reentry for breach after the practical purpose for which they were reserved has ceased is to hamper the usefulness of the property and to give the grantor or his successors in interest the power to exact compensation for their release, without any benefit to society. *Alexander* v. *Title Ins. & Trust Co., supra,* is a good example of such abuse and its termination by the court.

Neither do we agree with the contention that because the Deysher deed did not contain any express statement that the restrictions were for the benefit of the other lands of the

grantor and enforceable by any future lot owner it was without importance whether defendant had any interest in their enforcement, or whether she still owned any of said lands.

It is true that in California under such circumstances grantees of other lots can in no manner take advantage of the restrictions and the right of enforcement (by reentry) is limited to the grantor and his successors in interest. (*Werner* v. *Graham*, 181 Cal. 174, 179, et seq. [183 P. 945]; *McBride* v. *Freeman*, 191 Cal. 152, 154 [215 P. 678]; *Childs* v. *Newfield*, 136 Cal.App. 217, 222 [28 P.2d 924].) However it does not follow that the grantor retains said right of enforcement even though he has disposed of all land he had retained without making any such restriction. The contrary is shown by cases relating to building and occupation restrictions on subdivisions in which cases the right of enforcement of grantor is considered lost when he has lost all interest in the property to be benefited. In *Firth* v. *Marovich*, 160 Cal. 257, 260 [116 P. 729, Ann.Cas. 1912D 1190] it is said (obiter): "It is not open to question that building restrictions of the kind contained in the deed . . . are valid and enforceable at the suit of the grantor *so long as he continues to own any part of the tract for the benefit of which the restrictions were exacted.*" (Emphasis ours.) In *Alexander* v. *Title Ins. & Trust Co., supra,* 48 Cal.App.2d at page 492 the court states that such building restrictions *obviously* have as their basis the benefit to be conferred on other property in the same tract and cites *Young* v. *Cramer, supra* (38 Cal.App.2d 64) for the proposition that such restriction may not be enforced by anyone other than the owner of part of the land for the benefit of which the restriction was imposed. See, also, *Blodgett* v. *Trumbull*, 83 Cal.App. 566, 571-572 [257 P. 199]; *Moe* v. *Gier*, 116 Cal.App. 403, 408 [2 P.2d 852]; Ann. 43 A.L.R. 1049, 1052 and cases from other jurisdictions cited in the Young case at page 68 of which the two Texas cases, *Maddox* v. *Adair*, (Tex.Civ.App.) 66 S.W. 811, 813 and *Stevens* v. *Galveston H. & S. A. Ry. Co.*, (Tex.Com. App.) 212 S.W. 639, 645, are especially well in point.

In this case it is not so obvious as in the building restriction cases that the restriction as to sale of liquor was imposed for the benefit of the lands retained by grantor because such restriction could also have been based on her opposition to the use of alcoholic beverage in general. However the trial court found that the restriction was made for the

protection of the lands retained and that finding is adequately supported by the evidence that at the time the restriction was made grantor lived nearby and had planned to subdivide part of her property, that when grantor and later her grantees, among whom was appellant, parted with all of the remaining property they did not impose any such restriction—an attitude which tends to negative objection to alcoholic beverage in general as the purpose of the restriction—and that at the same time as the restriction on the sale of liquor a restriction was imposed as to obstruction of roads, a restriction evidently intended only for the benefit of the neighbors. Because of this finding of fact we need not decide whether the restriction should not also have been considered abandoned or lost if it had originally been reserved because of personal opposition of grantor to the use of liquor in general.

We also reject appellant's contention that the deed is the only memorial which can prove the purpose for which the restrictions contained in it were imposed. Appellant cites many cases among which *Werner* v. *Graham, supra,* 181 Cal. at page 185 and *Wing* v. *Forest Lawn Cemetery Assn.,* 15 Cal.2d 472, 479 [101 P.2d 1099, 130 A.L.R. 120], for the above proposition. However all these cases, with the exception of one to be mentioned later, relate to the creation of mutual rights in real property in the character of equitable easements or covenants running with the land, enforceable by the different grantees of lots *inter se* and require that such *creation* be stated in the written instruments exchanged to determine the rights in the realty, a requirement necessarily based on the statute of frauds or the parol evidence rule or both. ▮ The statute of frauds is evidently not applicable to the purpose for which restrictions made in writing were created, in connection with the problem whether such restrictions were still enforceable after such purpose may have ceased to exist. Neither did the admission of extrinsic evidence as to the purpose of the restrictions in this case violate the parol evidence rule as it was not admitted to vary any terms of the deed but to find the intention of the parties as to a point not directly involved in and left in doubt by said deed. (See *Boyer* v. *Murphy,* 202 Cal. 23, 28-29 [259 P. 38]; 9 Cal.Jur. 387.) Compare *Maderis* v. *Pattavina, supra* (46 Cal.App.2d at page 617), and *Cornbleth* v. *Allen,* 80 Cal.App. 459, 463 [251 P. 87], for the extent of the above rule from *Werner* v. *Graham.*

The only case cited by appellant which supports her contentions to some extent is *Currie* v. *Title Ins. & Trust Co.*, 60 Cal.App. 192 [212 P. 409]. There the court reversed a judgment quieting title to a lot as against certain building and occupation restrictions in the form of conditions subsequent with reverter to grantor in case of breach, although the grantor had disposed of all other lots in the same tract, on the ground that the restrictions inured to the grantor and not to the owner of certain lots of land citing as sole authority *Werner* v. *Graham, supra*. The decision has never been followed and we doubt whether it finds support in the Werner case. At any rate it can be distinguished on its facts from the case before us because in the Currie case the only ground adduced for avoidance of the restrictions was that the grantor had disposed of all the property benefited by the restrictions whereas in this case moreover no restrictions were imposed on any of the neighboring land of which the grantor disposed and the restrictions had therefore lost all legitimate interest not only for grantor and her successors but for the present owners of the neighboring lands as well. Under the latter circumstances the avoidance of the restrictions is certainly justified.

It is without importance whether said disposal of all lands retained without imposing any restrictions amounts to waiver in the technical sense of the word. In most of the cases cited herein as examples of the destruction of conditions subsequent waiver was found although there was no *intentional* relinquishment of the right of reentry. In such cases the word "waiver"—sometimes combined with "estoppel"—does not mean more than that the party claiming a right to enforce has acted in such a manner or has caused such changes that enforcement would no longer be equitable. In that sense there was waiver here and the finding to that effect was therefore not erroneous. Appellant cannot complain that said waiver was not sufficiently pleaded where evidence of the acts showing said waiver was received without objection and the court accordingly made a finding on it. (*McClure* v. *Donovan*, 33 Cal.2d 717, 731 [205 P.2d 17]; *Beckjord* v. *Traeger*, 3 Cal.App.2d 385, 387 [39 P.2d 523, 41 P.2d 172].)

It may well be that the increasing use of the neighboring lands for commercial and industrial purposes is not relevant to the continual existence of the restriction here involved,

because said restriction does not relate to use for residential purposes, and that the evidence of the intention to restrict the other lots of the subdivision to first class residential use is insufficient as it is based solely on the size of said lots on the plat. ██ However the decision is sufficiently supported by the finding that the restrictions were intended for the benefit of the lands retained by grantor, that all said lands were disposed of and no restriction imposed on any of them and that therefore the restrictions were waived. Further findings may then be regarded as surplusage and it is immaterial whether they are supported by the evidence. (*Sands v. Eagle Oil & Refining Co.*, 83 Cal.App.2d 312, 321 [188 P. 2d 782] and cases there cited.)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 15, 1953.