[Civ. No. 27694. Second Dist., Div. One. March 6, 1964.]

JANE D. SHIELDS, Plaintiff and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Defendant and Respondent; ALAN LESLIE et al., Interveners and Respondents.

Tanner, Odell & Taft and Everett Shilling for Plaintiff and Appellant.

Samuel B. Stewart, Robert H. Fabian and Alfred T. Twigg for Defendant and Respondent.

Mindlin, Levy & Gluecksman and J. D. Gluecksman for Interveners and Respondent.

LILLIE, J.—Tract No. 8133 contains 121 lots in an exclusive district in Los Angeles upon which are erected expensive single-family dwellings. Plaintiff is the record owner of lot 29 upon which is located a single-family dwelling; her deed provides that no building other than one single one-family residence may be erected thereon. Desirous of selling a portion of the lot for the erection of an additional residence, she brought the within action against defendant bank to quiet title to lot 29; she seeks thereby to break the building restrictions on the tract. It is asserted by defendant, successor in interest to the original grantor, that the restrictions are valid and binding upon her. The trial court concluded that plaintiff did not own lot 29 in fee simple, but owned it subject to all of the terms, conditions, restrictions and easements contained in the grant deed. She appeals from the judgment in favor of defendant and the interveners.

The original tract map covering Tract No.8133 was filed in 1926 by Hellman Commercial Trust and Savings Bank. No separate declaration of restrictions covering lots in the tract was filed. Thereafter, Merchants National Trust and Savings Bank of Los Angeles, successor to Hellman, executed the original deed to lot 29 to Dorothy Crowley Forst, plaintiff's predecessor in interest. The deed provides: "This conveyance is made and accepted upon each of the following conditions, ... : (1) That said premises shall be used for residence purposes only, and no buildings or structures other than one single one-family residence, with the customary out buildings, including a private garage, shall be erected thereon. ... (8) The Grantee shall have immediate possession of said property, and may continue in possession thereof so long as he faithfully performs and complies with each and all of the terms herein contained. ... Each and all of the foregoing covenants, conditions, restrictions, and limitations shall continue in full force and effect until December 31, 1974. Provided, also, that the foregoing conditions, and the date of termination thereof, apply to and bind only the property hereinbefore described, and hereby conveyed, and the Grantor expressly reserves the right to create, make, and/or apply similar or varying or different conditions, or to omit the same entirely in sales and conveyances of other lots in said tract, and/or other property owned by Grantor. ... The foregoing

stipulations and conditions shall be deemed to be covenants running with the land in favor of the Grantor, and the breach of any of the same shall cause said premises to revert to the Grantor, its successors and assigns, each of whom respectively, shall have the right of immediate re-entry upon said premises. ..." The original deeds to all other property in the tract contain substantially the same conditions, restrictions and provisions.

Defendant bank, successor in interest to the grantor, conveyed all remaining lots in the tract and now owns no property therein except public utility easements and the right of entry and the possibility of reverter reserved in the original deeds. It asserts the validity of the restrictions, and ownership of the reversionary interest in lot 29. Subsequent to the filing of plaintiff's suit, defendant bank, by deed, transferred to present lot owners in Tract No. 8133 undivided interests in its reversionary rights in the tract; the remainder of the interest was retained by the bank. The assignees then became interveners, and are also respondents herein.

Appellant contends that defendant bank cannot enforce the restrictions because it does not now own any land in the tract (*Kent* v. *Koch*, 166 Cal.App.2d 579 [333 P.2d 411]), and no servitude or equitable easement was created (*Werner* v. *Graham*, 181 Cal. 174 [183 P. 945]); and that the interveners may not enforce the restrictions on their own account.

Appellant urged at the trial that it was inequitable to enforce the restrictions because of a change in the character of the neighborhood and because defendant bank had heretofore waived the restrictions. However the trial court found that the restrictions had not been violated, there was no change in conditions in the tract, and defendant had in no manner waived its right to enforce the restrictions; and that it would not be inequitable and unjust to enforce the same against lot 29. (Findings of Fact, Nos. 5 and 6.) These findings, supported by substantial evidence in the record, are not here at issue; the only question before us is whether as a matter of law respondents can enforce the restrictions.

No separate declaration of restrictions covering the lots in Tract 8133 was ever filed. While the deed to lot 29 recites various conditions, among them the building restriction, it also expressly provides that they shall "apply to and bind only the property hereinbefore described, and hereby conveyed, and the Grantor expressly reserves the right to create, make, and/or apply similar or varying or different

conditions, or to omit the same entirely in sales and conveyances of other lots in said tract, and/or other property owned by Grantor.'' The original deeds to all other lots in the tract did contain similar provisions, but there is nothing in any of them, or any other instrument, to indicate that the restrictions were intended for the benefit of other lands, that the tract was laid out pursuant to a general plan of similar restrictions on all lots, or that the creation of a mutual easement or servitude was intended. However, in the deed to lot 29, as in the original deeds to the other lots, after a recital of the restrictions and conditions, the following is provided: '' [T]he breach of any of the same shall cause said premises to revert to the Grantor ... [who] shall have the right of immediate re-entry upon said premises.'' Thus, while defendant bank does not now hold any property in the tract except public utility easements, it does own the possibility of reverter and right of entry reserved in the original deeds.

■ That the provision—that no building other than one single one-family residence shall be erected on lot 29—is a condition subsequent, is clearly supported by the language of the deed. Each deed having specifically provided that the conveyance was made and accepted upon certain conditions (one of which is the building restriction), that grantee would continue in possession so long as he complied with each and all of the terms contained therein, and that breach of any shall cause the premises to revert to grantor with right of immediate reentry, the grant therein was made upon conditions subsequent, breach of any of which shall cause the real property to revert to the grantor. (Civ. Code, § 1109).

■ The conveyance left in the grantor a possibility of reverter (*Taylor* v. *Continental Southern Corp.*, 131 Cal. App.2d 267 [280 P.2d 514]; Civ. Code, § 768); the public utility easements and the possibility of reverter and right of entry owned by defendant bank constitute sufficient material interest in the land to permit defendant to defend in a suit to break the restrictions on it. (*Russell* v. *Palos Verdes Properties*, 218 Cal.App.2d 754 [32 Cal.Rptr. 488].)

Appellant has cited numerous authorities in support of her contention that defendant bank cannot enforce the restrictions because it has conveyed all the other lots in the tract and is not now the owner of any land therein; but a review of these cases reveals factual situations not similar to that at bar. This is not a situation in which the grantor is attempting to enforce restrictive covenants made for the benefit of other property previously owned by the grantor in the tract,

as in *Kent* v. *Koch,* 166 Cal.App.2d 579 [333 P.2d 411]; or a restriction in the form of an equitable easement or servitude made for the benefit of all other owners as part of a general plan for improvement of the tract, as in *Young* v. *Cramer,* 38 Cal.App.2d 64 [100 P.2d 523]; or restrictions, the breach of which gives grantor only the right to enjoin, abate or remedy the violation by appropriate proceedings, as in *Blodgett* v. *Trumbull,* 83 Cal.App. 566 [257 P. 199], and *Kent* v. *Koch,* 166 Cal.App.2d 579 [333 P.2d 411]; or its reversionary interest where conditions in the neighborhood have changed and/or its conduct was such as to make it inequitable to enforce the restrictions, as in *Alexander* v. *Title Ins. & Trust Co.,* 48 Cal.App.2d 488 [119 P.2d 992]; *Townsend* v. *Allen,* 114 Cal.App.2d 291 [250 P.2d 292], and *Firth* v. *Marovich,* 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190]. ■ Defendant bank herein seeks to enforce a restriction, cast in the form of a condition subsequent, the breach of which shall cause the premises to revert to it with the right of immediate reentry. This restriction specifically applies only to the property described and conveyed in the deed; according to express provision in the deed, such restriction may or may not be imposed by the grantor on any other lot; the restriction is not for the benefit of any other lot and is not part of any general plan of improvement of the tract; and it was not intended to, and does not, create a mutual easement or servitude. It is clear from the deed that a right given to the grantor to have the title revert to it upon the breach of any of the conditions was given not to it as owner of land in the tract, where the exercise of such a right is dependent upon the continuance of ownership of some part of the tract the benefit of which was the sole purpose of the entire agreement, but to it personally. (*Young* v. *Cramer,* 38 Cal.App.2d 64 [100 P.2d 523].)

*Werner* v. *Graham* (1919) 181 Cal. 174 [183 P. 945], heavily relied upon by appellant, recognized the enforceability by the grantor of a similar restriction. Therein Marshall, the original grantor, sold a lot to plaintiff subject to certain building restrictions providing that the property shall revert to him in case of a breach but, as here, without language in the deed referring to a common plan, although in selling the lots he extracted restrictive covenants evidently in accord with one. Plaintiff sued other lot owners in the tract to quiet title and to be relieved of the restrictions. At that time Marshall owned no lots in the tract. The court held that

the restrictions were cast in the form of conditions and not covenants and were not enforceable by other lot owners, but that the right of enforcement was limited to the grantor and his successors in interest. Marshall was not a party to the action, but the court said at page 179: "If the provisions are in fact conditions and not covenants, the defendants are not entitled to enforce them against plaintiff, for the reversion clause runs in favor of Marshall, his heirs and assigns, and does not include the defendants, since by assigns must be meant in this state assignees of the reversion or right of re-entry. (Civ. Code, §§ 768, 1046; *Johnston* v. *City of Los Angeles*, 176 Cal. 479, 485 [168 P. 1047].) "; and again at page 185: "It follows that the additional element mentioned—that Marshall exacted similar restrictive covenants from all the grantees of lots in the tract—does not affect the matter and cannot change the conclusion reached without it. That conclusion, as before expressed, is that the restrictions in the deed by Marshall to the plaintiff's predecessor in interest ran personally to Marshall and not to the other lots in the tract, and that the defendants who claim wholly as lot owners, did not acquire the right to insist upon those restrictions."

Factually similar to the case at bar *Currie* v. *Title Ins. & Trust Co.*, 60 Cal.App. 192 [212 P. 409]; decided in 1922. Therein the lot owner sued to quiet title against the grantor who no longer owned property in the tract, but who, in the original deeds, retained to himself the reversion. Defendant grantor's answer alleged that plaintiffs' title was subject to certain conditions or restrictions contained in the deed by which it transferred its title to plaintiffs' predecessor in interest; that the deed was made and accepted upon certain conditions subsequent, which included certain building and occupation restrictions, and provided: " [T]hat a violation of any of said conditions shall work a forfeiture of title thereof" to the grantor; and that prior to the time plaintiffs acquired title it was the owner of all lots in the tract and it thereafter conveyed all the property inserting in all deeds conditions and restrictions substantially the same as those in the deed of plaintiffs' predecessor. Defendant appealed from the decree quieting title. Reversing the judgment the court, on authority of *Werner* v. *Graham*, 181 Cal. 174 [183 P. 945], held the restrictions to be conditions which inure to the grantor. Said the court at page 195: "The restrictive provisions in this deed are in the form of conditions and not covenants. It is clearly stipulated that the deed is made and

accepted upon certain express conditions subsequent which are that certain things shall not be done, and if done the title to the property shall revert. The grantor retained to himself and his heirs and assigns the reversion. (Civ. Code, §§ 768 and 1046; *Johnston* v. *City of Los Angeles,* 176 Cal. 479 [168 P. 1047] ; *Werner* v. *Graham, supra.*) ''

Appellant deprecates this authority upon the basis of *Townsend* v. *Allen,* 114 Cal.App.2d 291 [250 P.2d 292], a case factually dissimilar to *Currie*. Plaintiff lot owner sued the successor in interest to the original grantor to avoid use restrictions contained in his deed; the deed also provided for reversion of title to grantor and right to reentry in the event of breach. However, it had been established in the lower court that the circumstances had changed—commercial and industrial development had increased in the neighborhood, and further, that when the original grantor disposed of all lots remaining without placing the same restrictions on them, she waived the same. The court held that avoidance of the restrictions under these circumstances was justified. At page 299 the court said: ''The only case cited by appellant which supports her contentions to some extent is *Currie* v. *Title Ins. & Trust Co.,* 60 Cal.App.192 [212 P. 409]. There the court reversed a judgment quieting title to a lot as against certain building and occupation restrictions in the form of conditions subsequent with reverter to grantor in case of breach, although the grantor had disposed of all other lots in the same tract, on the ground that the restrictions inured to the grantor and not to the owner of certain lots of land citing as sole authority *Werner* v. *Graham, supra.* The decision has never been followed and we doubt whether it finds support in the *Werner* case. At any rate it can be distinguished on its facts from the case before us because in the *Currie* case the only ground adduced for avoidance of the restrictions was that the grantor had disposed of all the property benefited by the restrictions whereas in this case moreover no restrictions were imposed on any of the neighboring land of which the grantor disposed and the restrictions had therefore lost all legitimate interest not only for grantor and her successors but for the present owners of the neighboring lands as well. Under the latter circumstances the avoidance of the restrictions is certainly justified.''

A study of the cases cited by appellant reveals that indeed the *Currie* case had not therein been followed, and for good reason; their factual situations were in no manner similar.

Moreover, the court in *Townsend* v. *Allen,* 114 Cal.App.2d 291 [250 P.2d 292], well recognized that neither was *Currie* similar to it. In the instant case, as in *Currie* v. *Title Ins. & Trust Co.,* 60 Cal.App. 192 [212 P. 409], "the only ground adduced for avoidance of the restrictions was that the grantor had disposed of all the property benefited by the restrictions. ..." (*Townsend* v. *Allen,* 114 Cal.App.2d 291, 299 [250 P.2d 292].) And after a careful reading of *Werner* v. *Graham,* 181 Cal. 174 [183 P. 945], we do not share the court's "doubt" in *Townsend* v. *Allen, supra,* that the *Currie* case finds support in *Werner* v. *Graham.*

■ It is well settled that rights of reentry and reverter reserved to the grantor by him in the original deeds are transferable. (Civ. Code, § 1046; *Johnston* v. *City of Los Angeles,* 176 Cal. 479 [168 P. 1047]; *Thornton* v. *Middletown Educational Corp.,* 21 Cal.App.2d 707 [70 P.2d 234]; *Taylor* v. *Continental Southern Corp.,* 131 Cal.App.2d 267 [280 P.2d 514].) ■ The interveners are all present owners of lots in Tract No. 8133. After plaintiff filed her suit against defendant bank, the latter by deed transferred to them undivided interests in its reversionary rights in the tract; the remainder of the interest was retained by the bank. Having held under authority of *Werner* v. *Graham,* 181 Cal. 174 [183 P. 945], and *Currie* v. *Title Ins. & Trust Co.,* 60 Cal.App. 192 [212 P. 409], that defendant bank, while not a present owner of land in the tract, may under the instant circumstances enforce the restrictions, we conclude that the assignees of the reversionary rights too can insist upon observance of the restrictions by plaintiff.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 29, 1964.